**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **INNOVATIVE DISPLAY** | § | |
| **TECHNOLOGIES LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **C.A. No.2:13-cv-783** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **MICROSOFT CORPORATION** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Innovative Display Technologies LLC, by and through its undersigned counsel, files this First Amended Complaint against Defendant Microsoft Corporation ("Microsoft").

## THE PARTIES

1.      Innovative Display Technologies LLC is a limited liability company duly organized under the laws of the State of Texas, with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.      Upon information and belief, Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, WA 98052. Upon information and belief, Microsoft has already appeared through counsel of record.

3.      Upon information and belief, Microsoft has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Texas.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      As further detailed herein, this Court has personal jurisdiction over Microsoft. Microsoft is amenable to service of summons for this action. Furthermore, personal jurisdiction over Microsoft in this action comports with due process. Microsoft maintains an office at 7000 SR-16, Irving, TX 75039.  Microsoft also maintains an office at One Briar Lake Plaza, 2000 W. Sam Houston Pkwy, S. #350, Houston, TX 77042. Microsoft also maintains an office at 10900 Stonelake Blvd., Suite 225, Austin, TX 78759. Microsoft also maintains an office at Concord Park II, 401 East Sonterra Blvd., Suite 300, San Antonio, TX 78759. Microsoft has conducted and regularly conducts business within the United States and this District. Microsoft has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Texas and this District. Microsoft has sought protection and benefit from the laws of the State of Texas by maintaining offices in Irving, Houston, Austin, and San Antonio, and/or by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

6.      For periods of time beginning on October 1, 2013, Microsoft – directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells unlicensed products in the United States and this District. For periods of time beginning on October 1, 2013, Microsoft has purposefully and voluntarily placed one or more of its infringing, unlicensed products, as described below, into the stream of commerce with the awareness and/or intent that they will

be purchased by consumers in this District. After October 1, 2013, Microsoft has knowingly and purposefully shipped infringing, unlicensed products into and within this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, through those activities, Microsoft has committed the tort of patent infringement in this District and/or has induced others to commit patent infringement in this District. Plaintiff's cause of action for patent infringement arises directly from Microsoft's activities in this District.

7.      Venue is proper in this Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d) and 1400(b). One or more of IDT's witnesses reside in this District. Microsoft is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue. Upon information and belief, Microsoft has committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website, available to persons in this District that advertises, markets, and/or offers for sale infringing products.

## BACKGROUND

### A.      The Patents-In-Suit.

8.      U.S. Patent No. 6,755,547 titled "Light Emitting Panel Assemblies" ("the '547 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 29, 2004, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '547 patent. The '547 patent was assigned to Plaintiff after it was acquired from its prior owner on or about January 31, 2013, and Plaintiff holds all rights, title, and interest in the '547 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '547 patent is attached as **Exhibit A** and made a part hereof.

9.      U.S. Patent No. 7,300,194 titled "Light Emitting Panel Assemblies" ("the '194 patent") was duly and legally issued by the U.S. Patent and Trademark Office on November 27, 2007, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '194 patent. The '194 patent was assigned to Plaintiff after it was acquired from its prior owner on or about January 31, 2013, and Plaintiff holds all rights, title, and interest in the '194 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '194 patent is attached as **Exhibit B** and made a part hereof.

10.      U.S. Patent No. 7,384,177 titled "Light Emitting Panel Assemblies" ("the '177 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 10, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '177 patent. The '177 patent was assigned to Plaintiff after it was acquired from its prior owner on or about January 31, 2013, and Plaintiff holds all rights, title, and interest in the '177 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '177 patent is attached as **Exhibit C** and made a part hereof.

11.      U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 29, 2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '660 patent. The '660 patent was assigned to Plaintiff after it was acquired from its prior owner on or about January 31, 2013, and Plaintiff holds all rights, title, and interest in the '660 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '660 patent is attached as **Exhibit D** and made a part hereof.

12.      U.S. Patent No. 7,434,974 titled "Light Emitting Panel Assemblies" ("the '974 patent") was duly and legally issued by the U.S. Patent and Trademark Office on October 14,

2008, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '974 patent. The '974 patent was assigned to Plaintiff after it was acquired from its prior owner on or about January 31, 2013, and Plaintiff holds all rights, title, and interest in the '974 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '974 patent is attached as **Exhibit E** and made a part hereof.

13.     U.S. Patent No. 7,537,370 titled "Light Emitting Panel Assemblies" ("the '370 patent") was duly and legally issued by the U.S. Patent and Trademark Office on May 26, 2009, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '370 patent. The '370 patent was assigned to Plaintiff after it was acquired from its prior owner on or about January 31, 2013, and Plaintiff holds all rights, title, and interest in the '370 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '370 patent is attached as **Exhibit F** and made a part hereof.

14.     U.S. Patent No. 8,215,816 titled "Light Emitting Panel Assemblies" ("the '816 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 10, 2012, after full and fair examination. Jeffery R. Parker is the sole inventor listed on the '816 patent. The '816 patent was assigned to Plaintiff after it was acquired from its prior owner on or about January 31, 2013, and Plaintiff holds all rights, title, and interest in the '816 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '816 patent is attached as **Exhibit G** and made a part hereof.

15.     Jeffery R. Parker is the inventor of the '547 patent, the '194 patent, the '177 patent, the '660 patent, the '974 patent, the '370 patent, and the '816 patent (collectively, the "patents-in-suit"). In total, he is a named inventor on over eighty-five (85) U.S. patents.

**B.     Microsoft's Infringing Conduct.**

16.     Upon information and belief, since October 1, 2013, Microsoft makes, uses, offers to sell, and/or sells within, and/or imports into the United States unlicensed display products that incorporate the fundamental technologies covered by the patents-in-suit. Upon information and belief, the infringing unlicensed display products include, but are not limited to, tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet).

17.     By incorporating since October 1, 2013 the fundamental inventions covered by the patents-in-suit, Microsoft can make improved products, including but not limited to, longer displays, thinner displays, and/or displays with a higher light output, a more uniform light output, and/or a lower power requirement.

18.     Upon information and belief, since October 1, 2013, third-party distributors have purchased and continue to purchase Microsoft's unlicensed, infringing display products for sale or importation into the United States, including this District. Upon information and belief, since October 1, 2013, third-party consumers use and have used Microsoft's unlicensed, infringing display products in the United States, including this District.

19.     Upon information and belief, Microsoft has purchased unlicensed infringing display products that are made, used, offered for sale, sold within, and/or imported into the United States on or after October 1, 2013, by third party manufacturers, distributors, and/or importers.

<u>**COUNT I**</u>

<u>**Patent Infringement of U.S. Patent No. 6,755,547**</u>

20.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-19 as though fully set forth herein.

21.     The '547 patent is valid and enforceable.

22.     Microsoft is not licensed, either expressly or impliedly, under the '547 patent.

23.     Upon information and belief, Plaintiff has complied with the requirements of 35 U.S.C. § 287

24.     Upon information and belief, Microsoft is, and has been since October 1, 2013, directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '547 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, unlicensed display products that include all of the limitations of one or more claims of the '547 patent, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), their display components, and/or other products made, used, sold, offered for sale, or imported by Microsoft that include all of the limitations of one or more claims of the '547 patent.

25.     Upon information and belief, distributors and consumers that purchase Microsoft's unlicensed products that include all of the limitations of one or more claims of the '547 patent, including but not limited to products such as tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '547 patent by using, offering to sell, and/or selling unlicensed, infringing display products in this District and elsewhere in the United States.

26.     Upon information and belief, Microsoft had knowledge of the '547 patent at least since August 27, 2012, when Microsoft was formally placed on notice.

27.     Upon information and belief, since October 1, 2013, Microsoft has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '547 patent. Microsoft does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '547 patent. Upon information and belief, Microsoft intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Since October 1, 2013, upon information and belief, Microsoft has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

28.     Upon information and belief, Microsoft's acts of infringement of the '547 patent are willful and intentional. Since October 1, 2013, Microsoft has acted with an objectively high likelihood that its actions constituted infringement of the '547 patent by refusing to take a license and continuing to make and sell its display products, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), and the objectively-defined risk was either known or so obvious that it should have been known.

29.     As a direct and proximate result of these acts of patent infringement, Microsoft has encroached on the exclusive rights of Plaintiff and its licensees to practice the '547 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT II

### Patent Infringement of U.S. Patent No. 7,300,194

30.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-29 as though fully set forth herein.

31.     The '194 patent is valid and enforceable.

32.     Microsoft is not licensed, either expressly or impliedly, under the '194 patent.

33.     Upon information and belief, Plaintiff has complied with the requirements of 35 U.S.C. § 287.

34.     Upon information and belief, Microsoft is, and has been since October 1, 2013, directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '194 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, unlicensed display products that include all of the limitations of one or more claims of the '194 patent, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), their display components, and/or other products made, used, sold, offered for sale, or imported by Microsoft that include all of the limitations of one or more claims of the '194 patent.

35.     Upon information and belief, distributors and consumers that purchase Microsoft's unlicensed products that include all of the limitations of one or more claims of the '194 patent, including but not limited to products such as tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '194 patent by using, offering to sell,

and/or selling unlicensed, infringing display products in this District and elsewhere in the United States.

36.     Upon information and belief, Microsoft had knowledge of the '194 patent at least since August 27, 2012, when Microsoft was formally placed on notice.

37.     Upon information and belief, since at least October 1, 2013, Microsoft has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '194 patent. Microsoft does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '194 patent. Upon information and belief, Microsoft intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Since October 1, 2013, upon information and belief, Microsoft has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

38.     Upon information and belief, Microsoft's acts of infringement of the '194 patent are willful and intentional. Since October 1, 2013, Microsoft has acted with an objectively high likelihood that its actions constituted infringement of the '194 patent by refusing to take a license and continuing to make and sell its display products, including but

not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), and the objectively-defined risk was either known or so obvious that it should have been known.

39.     As a direct and proximate result of these acts of patent infringement, Microsoft has encroached on the exclusive rights of Plaintiff and its licensees to practice the '194 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT III

## Patent Infringement of U.S. Patent No. 7,384,177

40.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-39 as though fully set forth herein.

41.     The '177 patent is valid and enforceable.

42.     Microsoft is not licensed, either expressly or impliedly, under the '177 patent.

43.     Upon information and belief, Plaintiff has complied with the requirements of 35 U.S.C. § 287.

44.     Upon information and belief, Microsoft is, and has been since October 1, 2013, directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '177 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, unlicensed display products that include all of the limitations of one or more claims of the '177 patent, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), their display components, and/or other products made, used, sold, offered for sale, or imported by Microsoft that include all of the limitations of one or more claims of the '177 patent.

45.     Upon information and belief, distributors and consumers that purchase Microsoft's unlicensed products that include all of the limitations of one or more claims of the '177 patent, including but not limited to products such as tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '177 patent by using, offering to sell, and/or selling unlicensed, infringing display products in this District and elsewhere in the United States.

46.     Upon information and belief, Microsoft had knowledge of the '177 patent at least since August 27, 2012, when Microsoft was formally placed on notice.

47.     Upon information and belief, since at least October 1, 2013, Microsoft has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '177 patent. Microsoft does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '177 patent. Upon information and belief, Microsoft intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Since October 1, 2013, upon information and belief, Microsoft has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

48.     Upon information and belief, Microsoft's acts of infringement of the '177 patent are willful and intentional. Since October 1, 2013, Microsoft has acted with an objectively high likelihood that its actions constituted infringement of the '177 patent by refusing to take a license and continuing to make and sell its display products, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), and the objectively-defined risk was either known or so obvious that it should have been known.

49.     As a direct and proximate result of these acts of patent infringement, Microsoft has encroached on the exclusive rights of Plaintiff and its licensees to practice the '177 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT IV

## Patent Infringement of U.S. Patent No. 7,404,660

50.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-49 as though fully set forth herein.

51.     The '660 patent is valid and enforceable.

52.     Microsoft is not licensed, either expressly or impliedly, under the '660 patent.

53.     Upon information and belief, Plaintiff has complied with the requirements of 35 U.S.C. § 287.

54.     Upon information and belief, Microsoft is, and has been since October 1, 2013, directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '660 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the

United States, without authority, unlicensed display products that include all of the limitations of one or more claims of the '660 patent, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), their display components, and/or other products made, used, sold, offered for sale, or imported by Microsoft that include all of the limitations of one or more claims of the '660 patent.

55.     Upon information and belief, distributors and consumers that purchase Microsoft's unlicensed products that include all of the limitations of one or more claims of the '660 patent, including but not limited to products such as tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '660 patent by using, offering to sell, and/or selling unlicensed, infringing display products in this District and elsewhere in the United States.

56.     Upon information and belief, Microsoft had knowledge of the '660 patent at least since August 27, 2012, when Microsoft was formally placed on notice.

57.     Upon information and belief, since October 1, 2013, Microsoft has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '660 patent. Microsoft does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '660 patent. Upon information and belief, Microsoft intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Since October 1, 2013, upon information and belief, Microsoft has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the

United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

58.    Upon information and belief, Microsoft's acts of infringement of the '660 patent are willful and intentional. Since October 1, 2013, Microsoft has acted with an objectively high likelihood that its actions constituted infringement of the '660 patent by refusing to take a license and continuing to make and sell its display products, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), and the objectively-defined risk was either known or so obvious that it should have been known.

59.    As a direct and proximate result of these acts of patent infringement, Microsoft has encroached on the exclusive rights of Plaintiff and its licensees to practice the '660 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT V

### Patent Infringement of U.S. Patent No. 7,434,974

60.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-59 as though fully set forth herein.

61.    The '974 patent is valid and enforceable.

62.    Microsoft is not licensed, either expressly or impliedly, under the '974 patent.

63.    Upon information and belief, Plaintiff has complied with the requirements of 35 U.S.C. § 287.

64.    Upon information and belief, Microsoft is, and has been since October 1, 2013, directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of

equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '974 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, unlicensed display products that include all of the limitations of one or more claims of the '974 patent, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), their display components, and/or other products made, used, sold, offered for sale, or imported by Microsoft that include all of the limitations of one or more claims of the '974 patent.

65.     Upon information and belief, distributors and consumers that purchase Microsoft's unlicensed products that include all of the limitations of one or more claims of the '974 patent, including but not limited to products such as tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '974 patent by using, offering to sell, and/or selling unlicensed, infringing display products in this District and elsewhere in the United States.

66.     Upon information and belief, Microsoft had knowledge of the '974 patent at least since August 27, 2012, when Microsoft was formally placed on notice.

67.     Upon information and belief, since October 1, 2013, Microsoft has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '974 patent. Microsoft does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '974 patent. Upon information and belief, Microsoft intends to cause infringement by

these third-party manufacturers, distributors, importers, and/or consumers. Since October 1, 2013, upon information and belief, Microsoft has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

68.     Upon information and belief, Microsoft's acts of infringement of the '974 patent are willful and intentional. Since October 1, 2013, Microsoft has acted with an objectively high likelihood that its actions constituted infringement of the '974 patent by refusing to take a license and continuing to make and sell its display products, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), and the objectively-defined risk was either known or so obvious that it should have been known.

69.     As a direct and proximate result of these acts of patent infringement, Microsoft has encroached on the exclusive rights of Plaintiff and its licensees to practice the '974 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT VI

### Patent Infringement of U.S. Patent No. 7,537,370

70.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-69 as though fully set forth herein.

71.     The '370 patent is valid and enforceable.

72.     Microsoft is not licensed, either expressly or impliedly, under the '370 patent.

73.     Upon information and belief, Plaintiff has complied with the requirements of 35 U.S.C. § 287.

74.     Upon information and belief, Microsoft is, and has been since October 1, 2013, directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '370 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, unlicensed display products that include all of the limitations of one or more claims of the '370 patent, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), their display components, and/or other products made, used, sold, offered for sale, or imported by Microsoft that include all of the limitations of one or more claims of the '370 patent.

75.     Upon information and belief, distributors and consumers that purchase Microsoft's unlicensed products that include all of the limitations of one or more claims of the '370 patent, including but not limited to products such as tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '370 patent by using, offering to sell, and/or selling unlicensed, infringing display products in this District and elsewhere in the United States.

76.     Upon information and belief, Microsoft had knowledge of the '370 patent at least since August 27, 2012, when Microsoft was formally placed on notice.

77.     Upon information and belief, since October 1, 2013, Microsoft has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '370 patent. Microsoft does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '370 patent. Upon information and belief, Microsoft intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Since October 1, 2013, upon information and belief, Microsoft has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

78.     Upon information and belief, Microsoft's acts of infringement of the '370 patent are willful and intentional. Since October 1, 2013, Microsoft has acted with an objectively high likelihood that its actions constituted infringement of the '370 patent by refusing to take a license and continuing to make and sell its display products, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), and the objectively-defined risk was either known or so obvious that it should have been known.

79.     As a direct and proximate result of these acts of patent infringement, Microsoft has encroached on the exclusive rights of Plaintiff and its licensees to practice the '370 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT VII

## Patent Infringement of U.S. Patent No. 8,215,816

80.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-79 as though fully set forth herein.

81.     The '816 patent is valid and enforceable.

82.     Microsoft is not licensed, either expressly or impliedly, under the '816 patent.

83.     Upon information and belief, Plaintiff has complied with the requirements of 35 U.S.C. § 287. Upon information and belief, Plaintiff surmises that any express licensees of the '816 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '816 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

84.     Upon information and belief, Microsoft is, and has been since October 1, 2013, directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '816 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, unlicensed display products that include all of the limitations of one or more claims of the '816 patent, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), their display components, and/or other products made, used, sold, offered for sale, or imported by Microsoft that include all of the limitations of one or more claims of the '816 patent.

85.     Upon information and belief, distributors and consumers that purchase Microsoft's unlicensed products that include all of the limitations of one or more claims of the

'816 patent, including but not limited to products such as tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '816 patent by using, offering to sell, and/or selling unlicensed, infringing display products in this District and elsewhere in the United States.

86.  Upon information and belief, Microsoft had knowledge of the '816 patent at least since August 27, 2012, when Microsoft was formally placed on notice.

87.  Upon information and belief, since October 1, 2013, Microsoft has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '816 patent. Microsoft does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '816 patent. Upon information and belief, Microsoft intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Since October 1, 2013, upon information and belief, Microsoft has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

88.  Upon information and belief, Microsoft's acts of infringement of the '816 patent are willful and intentional. Since October 1, 2013, Microsoft has acted with an objectively high likelihood that its actions constituted infringement of the '816 patent by

refusing to take a license and continuing to make and sell its display products, including but not limited to tablets/laptops and mobile phones (*e.g.*, the Microsoft Surface RT tablet), and the objectively-defined risk was either known or so obvious that it should have been known.

89.     As a direct and proximate result of these acts of patent infringement, Microsoft has encroached on the exclusive rights of Plaintiff and its licensees to practice the '816 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## CONCLUSION

90.     Plaintiff is entitled to recover from Microsoft the damages sustained by Plaintiff as a result of Microsoft's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

91.     Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

92.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

93.     Plaintiff respectfully requests that the Court find in its favor and against Microsoft, and that the Court grant Plaintiff the following relief:

A.     A judgment that, since October 1, 2013, Microsoft has infringed the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

B.      A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Microsoft;

C.      A judgment and order requiring Microsoft to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages for willful infringement as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

D.      A permanent injunction enjoining Microsoft and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with them from direct and/or indirect infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

E.      A judgment and order requiring Microsoft to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F.      A judgment and order finding this to be an exceptional case and requiring Microsoft to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G.      Such other and further relief as the Court deems just and equitable.

Dated: December 9, 2013

Respectfully submitted,

*/s/ Jeffrey R. Bragalone*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Patrick J. Conroy
Texas Bar No. 24012448
Justin B. Kimble
Texas Bar No. 24036909
T. William Kennedy, Jr.
Texas Bar No. 24055771
Daniel F. Olejko
Pennsylvania Bar No. 205512
**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
bkennedy@bcpc-law.com
dolejko@bcpc-law.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
**Ward & Smith Law Firm**
1127 Judson Road, Suite 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757.2323
jw@wsfirm.com
claire@wsfirm.com

Attorneys for Plaintiff
**INNOVATIVE DISPLAY
TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 9ᵗʰ day of  December, 2013, with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).


*/s/ Jeffrey R. Bragalone*